| | | | |
|---|---|---|---|
| CHIEF EDITOR | - | - | W. J. TOSSEL |
| President | - | - | J. F. Laning |
| Vice Pres & Cir. Mgr. | - | Sam H. Torrey |
| Secretary and Treasurer | - | S. R. Laning |

Issued Every Wednesday

50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Per year (50 issues) Payable in Advance . . $15.00

Single Numbers . . . . . . . . . . . . . . . . . . . . . . . . .50

First Semi-Annual Digest, No. 36, separately 2.50

Second Semi-Annual Digest, Vol. 2, No. 2 2.50

**Due Notices.** We give each subscriber two weeks' mail notice of the due date of his paper, and those who make prepayment, in reply to the statement, are entitled to a 20 per cent abatement of the price.

Address all communications to:

**The Law Abstract Co., 1727 Bryn Mawr Ave.**

### THIRD SEMI-ANNUAL DIGEST

On account of our issue being 50 papers per year, this copy of The Abstract, No. 25, closes the first half of 1924, and No. 26, next week, begins the second half.

As we issue no paper the week of July 4, it has been our practice to devote the time we thus have in doing the extra work of getting out the Semi Annual Digest, which would otherwise be due in place of No. 26.

But as this Digest will be larger this year than heretofore, in order to properly prepare and print it, we need more time than for the usual paper, and therefore the Digest Number will not be out until No. 27, due July 9.

The Digest will be larger in scope and contents, superior in many ways to either of the previous ones.

It is our aim in The Abstract to serve the Ohio Bench and Bar with timely information, calculated to keep them in touch with case law precedents, as portrayed in the current announcements of the different State courts. Its plan of doing this is such that it will not be a burden to them in the matter of either labor or expense. A few minutes each day, systematically applied, will put them in contact with the production of our State judiciaries as no other publication can, without which it is impossible to conduct a safe practice.

The Ohio Law Abstract is the most most useful, helpful and readable publication for lawyers. Its unique system of epitomizing cases presents them in likable form, and the maintenance of a good current digest makes the publication about indispensable to practitioners ambitious to succeed.

Epitomized Opinions, in the Abstract, on the average occupy about one-tenth the space that would be occupied by the more periphrastic originals. This enables the reader to get a general view of the law, sufficient for information purposes, that he never would be able to find time to get, if it were not for our economic plan of substituting the Abstract synopsis of a case for its more roundabout and wordy original

## U. S. COURT OF APPEALS

No. 371

### COHEN v. UNITED STATES

U. S. Court of Appeals, 6th Circuit

No. 3737. Decided Dec. 4, 1923

332. **CRIMINAL LAW**—Failure to renew motion to direct verdict after offering evidence held waiver of original motion.

225. **CHARGE TO JURY**—Exception to charge on entrapment for incompleteness held unavailing.

DENISON, J.

Epitomized Opinion

Cohen was convicted of violating the criminal code, by offering and giving a bribe of $5,000 to one Flora, a prohibition agent, to induce him not to prosecute Cohen for having violated the National Prohibition Act. The defendant made a motion for an instructed verdict at the close of the government's evidence, then proceeded to put in his own evidence, and did not renew the motion at the close thereof. It was claimed that the court did not properly charge the jury as to the question of entrapment. The exception to the charge on this subject was, "We desire to save an exception to that part of your Honor's charge on entrapment." In affirming the judgment the Circuit Court of Appeals held:

"It is a familiar rule that such a motion is waived if the defendant proceed to put in evidence on his own behalf as he did here, and if the motion is not renewed at the close of all the evidence. The Appellate Court will not consider the objection that the verdict is not supported by substantial evidence unless the injustice done by the verdict seems clear and gross."

2. "The exception to the charge as to entrapment was unavailing, unless the entire charge on that subject was bad, and this is not claimed, as the objection was that the charge did not go far enough."

Attorneys—A. H. Morrill, H. L. Nichols and M. G. Heintz, Cincinnati, for Cohen; F. R. Clark and B. W. Hough, U. S. Atty., Columbus, for U. S.